UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**REBECCA A. GEIGER,**

    **Plaintiff,**

v.                                               **Case No. 8:19-cv-2821-T-30AAS**

**ANDREW SAUL,**
**Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Rebecca A. Geiger seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' joint memorandum, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

**I.   PROCEDURAL HISTORY**

Ms. Geiger applied for DIB and SSI on July 21, 2016, alleging a disability beginning on September 26, 2014.[1] (Tr. 185, 186, 273, 277). Ms. Geiger later amended

---

[1] Ms. Geiger previously filed a claim for disability, which was denied on September 25, 2014. (Tr. 75-98). The Appeals Council denied review on January 21, 2015 and on June 21, 2015. (Tr. 99-102, 103-09).

1

her disability onset date to July 21, 2015. (Tr. 292). Disability examiners denied Ms. Geiger's application initially and after reconsideration. (Tr. 144–45, 202–11). At Ms. Geiger's request, the ALJ held a hearing on January 11, 2018. (Tr. 33–73). The ALJ issued a decision unfavorable to Ms. Geiger on December 12, 2018. (Tr. 13–32).

The Appeals Council denied Ms. Geiger's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6). Ms. Geiger seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Geiger was forty-two years old on the date of the hearing before the ALJ. (Tr. 45). Ms. Geiger has a college education and has past work experience as a courier and a marker. (Tr. 49).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability. 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity, she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is

not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Ms. Geiger engaged in no substantial gainful activity since January 21, 2015. (Tr. 19). The ALJ found Ms. Geiger had these severe impairments: neurocognitive disorder/dementia; amnestic disorder; neurobehavioral disorder; mood disorder/depression; anxiety; attention deficit disorder; and, post-traumatic stress syndrome. (*Id.*). Nonetheless, the ALJ found Ms. Geiger's impairment or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (*Id.*).

The ALJ found Ms. Geiger had an RFC to perform a full range of work at all exertional levels with these limitations:

> [Ms. Geiger] is limited to performing simple, routine, repetitive tasks, with no assembly line or production quota work. [Ms. Geiger] is able to occasionally interact with supervisors, coworkers, and the general public.

(Tr. 20). Based on these findings, the ALJ determined Ms. Geiger could perform her past relevant work as a courier and marker. (Tr. 25). Thus, the ALJ concluded Ms. Geiger was not disabled. (Tr. 26).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

#### B. Issues on Appeal

Ms. Geiger argues the ALJ failed to give proper weight to the assessments and opinions of psychiatrists Dr. William Hervey and Dr. Conrad Weller. (Doc. 19, pp. 24–

38, pp. 45–48; Doc. 23, pp. 1–5).[2] Ms. Geiger also argues the ALJ failed to properly evaluate her subjective complaints. (Doc. 19, pp. 49–54; Doc. 23, p. 5).

### 1.   Medical Opinions

When assessing the medical evidence, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). In determining the weight to afford a medical opinion, the ALJ considers many factors including, but not limited to, the examining relationship, the treatment relationship, whether an opinion is well supported, whether an opinion is consistent with the record, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

Opinions on issues such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case, i.e. that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d). Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. *See* SSR 96-5p.[3]

---

[2] The court combined Ms. Geiger's first two issues.

[3] SSRs are agency rulings published under the Commissioner's authority and are binding on all components of the SSA. *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). They are not binding on a court. *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981).

Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless there is "good cause" to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240–41. The ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam). When the ALJ articulates specific reasons for not giving a treating physician opinion controlling or significant weight, and the reasons are supported by substantial evidence, there is no reversible error. *See Weekly v. Comm'r of Soc. Sec.*, 486 F. App'x 806, 808 (11th Cir. 2012) (citation omitted).

The ALJ need not refer to every piece of evidence, provided his decision does not broadly reject a claim for Social Security benefits. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, if failing to state or explain weight does not affect the ALJ's ultimate decision, it is harmless error and does not warrant remand. *Colon v. Colvin*, 660 Fed. App'x 867, 870 (11th Cir. 2016).

### a. Dr. Hervey

The ALJ gave little weight to the opinion of Dr. Hervey "because it comes with

little narrative examination of the evidence supporting the limitations outlined therein, nor is the opinion consistent with the rest of the medical and nonmedical evidence." (Tr. 23). Specifically, the ALJ gave little weight to Dr. Hervey's opinion that Ms. Geiger had poor or no ability to perform certain mental requirements for full-time work. (*Id.*). Ms. Geiger contends the ALJ's reasoning for giving little weight to Dr. Hervey's opinion is not supported by the evidence. (Doc. 19, pp. 24–38; Doc. 23, pp. 3–5). The Commissioner disagrees. (Doc. 19, pp. 38–45).

Dr. Hervey conducted a mental examination of Ms. Geiger. (Tr. 588–93). Dr. Hervey noted Ms. Geiger had appropriate appearance, was interactive, pleasant, cooperative and exhibited good behavior, coherent speech, and normal judgment and insight. (*Id.*). Dr. Hervey noted Ms. Geiger's cognitive functioning was "[w]ithin normal limits anterograde and retrograde amnesia." (*Id.*). Dr. Hervey diagnosed Ms. Geiger with major cognitive disorder without behavioral disturbance. (Tr. 590). Dr. Hervey opined that Ms. Geiger was unlimited in her ability to ask questions or request assistance; to be aware of hazards; to interact with the public; and to adhere to basic neatness and cleanliness. (Tr. 592–93). Dr. Hervey opined Ms. Geiger had fair abilities to understand, remember and carry out short and simple instructions; make simple decisions; get along with co-workers; deal with normal work stress; and maintain socially appropriate behavior. (*Id.*). Dr. Hervey opined Ms. Geiger had poor abilities to understand, remember, carry out, and deal with the stress of detailed activities; remember work-like procedures; work with others without being distracted; accept instruction and respond appropriately to criticism and changes in

7

routine work setting. (*Id.*). Dr. Hervey opined Ms. Geiger had no ability to maintain attention for a two-hour period; maintain regular attendance and be punctual within normal limits; sustain an ordinary routine without special supervision; complete a normal workday with interruption from psychological symptoms; and perform at a consistent pace. (*Id.*).

The first reason the ALJ gave for assigning little weight to Dr. Hervey's opinion that Ms. Geiger had certain limitations that prohibited her from sustaining full time work is the lack of supportability. (Tr. 23). Specifically, the ALJ stated that Dr. Hervey's opinion came with little explanation supporting the severe limitations outlined. (*Id.*). Dr. Hervey identified Ms. Geiger's subjective statements as evidence supporting his opined limitations.[4] (Tr. 593). As addressed below, the ALJ found Ms. Geiger's subjective statements not completely credible. (Tr. 24). The ALJ also noted Ms. Geiger could drive a car and shop for groceries. (Tr. 24–25). At Ms. Geiger's visits with her therapist, Jed Newirth, she consistently appeared appropriately dressed and groomed and was capable of effectively communicating. (*See* Tr. 22–23, 703, 705, 707, 709, 711–18, 728, 730–32, 734–36, 746, 755–57, 761, 763, 766, 771–72, 791, 870–71, 875–77, 963, 970–72, 981, 987–88).

The second reason the ALJ gave little weight to Dr. Hervey's opinion was because it was inconsistent with the record evidence. (Tr. 23). *See* 20 C.F.R. § 416.927(c)(2), (c)(4); *Bryant v. Colvin*, 661 F. App'x 686, 692–93 (11th Cir. 2016)

---

[4] Generally, a claimant's subjective statements are not an acceptable basis for a medical opinion. *See Crawford*, 363 F.3d at 1159–60; *Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 765–66 (11th Cir. 2014).

8

(holding that good cause supported the ALJ's decision to give little weight to the treating physician's opinion where the opinion was inconsistent with treatment records and lack of significant clinical findings). As the ALJ noted, the record contained inconsistencies about Ms. Geiger's mental functioning. (Tr. 22). Dr. Hervey opined that Ms. Geiger had poor or no ability to perform certain tasks required for full-time work. (Tr. 592–93). However, Ms. Geiger's test results revealed no cognitive decline. (Tr. 517). Indeed, Billie Jo Hatton, Ph.D., performed a consultative examination and stated, "[c]urrent test results do not indicate any significant cognitive impairments although her immediate memory recall is low average." (Tr. 833). Dr. Hatton also stated that Ms. Geiger had "no significant discrepancy between her cognitive and memory skills." (Tr. 834).

    Dr. Hervey's mental status exams are also inconsistent with his opinion and the other medical evidence. In 2014, Dr. Hervey stated Ms. Geiger's thought process was logical and coherent and her cognitive functioning was within normal limits. (Tr. 697, 699-702). In 2016, Dr. Hervey noted Ms. Geiger suffered from circumstantial thought process, poor insight, impaired judgment, impaired recall, impaired memory, impaired attention and concentration, and impaired language. (Tr. 589). Ms. Geiger's therapist Mr. Newirth routinely observed coherent speech, logical and organized thought process, and intact cognitive functioning. (*See* Tr. 728, 730–32, 734–36, 746, 755–57, 761, 763, 766, 771–72, 791, 875–77, 963, 972, 981). Similarly, Dr. Hatton noted Ms. Geiger demonstrated clear speech articulation, no impairments in receptive or expressive language, fluent verbal expression, relevant, coherent and

9

organized thought processes, intact insight, and judgment, and intact attention. (Tr. 832). Carrie L. Shulman, M.D., a neurologist, likewise observed Ms. Geiger demonstrated normal memory, normal attention, and concentration, and aside from globally blunted and slow speech normal language function. (Tr. 557, 578).

Thus, the ALJ provided substantial evidence supported by the record for giving little weight to Dr. Hervey's opinion of disabling limitations.

### b.     Dr. Weller

Ms. Geiger argues the ALJ erred in giving little weight to the opinion of Dr. Weller and, instead, giving more weight to the opinions of Mr. Newirth. (Doc. 19, pp. 45–48; Doc. 23, pp. 3–5). The Commissioner responds that the ALJ considered Dr. Weller's mental status examination findings but properly found they were unreliable. (*Id.* at pp. 48–49).

Dr. Weller performed a mental status examination and noted Ms. Geiger had appropriate dress; spontaneous speech; thought process logical and organized but frequently fragmented, with blocking; thought content of a history of confabulation; mood/affect depressed, dysphoric and labile; cognitive functioning within normal limits but with anterograde and retrograde amnesia; and judgement/insight within normal limits generally preserved but unreliable. (Tr. 703, 815). Dr. Weller diagnosed Ms. Geiger with mood disorder because of glioblastoma; anxiety disorder because of glioblastoma; and dementia with prominent features of anterograde and retrograde amnesia with confabulation because of glioblastoma. (Tr. 704, 816). Dr. Weller examined Ms. Geiger on several other occasion, with similar findings. (*See* Tr. 705–

16, 795–800, 803–04, 807–08, 811–12, 866–67, 870–71, 961–62, 970–71, 977–78, 987–88).

The ALJ considered Dr. Weller's mental status exam findings, but ultimately found they were unreliable. (Tr. 22). Specifically, Dr. Weller's diagnoses of anterograde and retrograde amnesia and confabulation were unsupported by Ms. Geiger's treatment notes that consistently stated her cognitive functioning was within normal limits. (*See* Tr. 703,705, 707, 709, 711–14, 799–800, 803–04, 807, 811, 813, 815). In addition, even when considering Dr. Weller's diagnoses of anterograde and retrograde amnesia and confabulation, Dr. Weller never indicated Ms. Geiger could not perform work at her accessed RFC. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986) (holding that the severity of a medically determined disability must be measured in terms of its effect upon ability to work). As the ALJ noted, Ms. Geiger failed to establish how Dr. Weller's diagnosis justifies limitations greater than those outlined in the RFC.[5] (Tr. 22).

While a source's specialization is relevant in weighing of medical opinions, *see* 20 C.F.R. §§ 404.1527(c), 416.927(c), evidence from therapists can establish the severity of an impairment and how the impairment affects a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d).[6] As the ALJ noted, Mr. Newirth had

---

[5] Indeed, the ALJ considered Ms. Geiger's severe impairments of neurocognitive disorder/dementia, amnestic disorder, and neurobehavioral disorder when formulating Ms. Geiger's RFC. (Tr. 19).

[6] This regulation was revised effective March 27, 2017. Ms. Geiger's application was filed in 2016. Thus, the prior version of the regulation applies.

11

the most interaction with Ms. Geiger and his notes provided a more detailed narrative about Ms. Geiger's functioning. (*See* Tr. 728, 730-32, 734-36, 746, 755–57, 761, 763, 766, 771–72, 791, 875-77, 963, 972, 981). Mr. Newirth's treatment notes demonstrate that Ms. Geiger could remember and report significant details about her life, activities, marriage, disability claim, and treatment. (*Id.*). In addition, Mr. Newirth did not observe amnesia or confabulation during treatment. (*Id.*). Thus, the ALJ did not err simply because he relied on Mr. Newirth's treatment notes.

The court "may not decide facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *See Phillips*, 357 F.3d at 1240 n.8. The ALJ complied with the applicable legal standards in weighing the evidence and substantial evidence supports his decision to give little weight to some of Dr. Weller's assessments.

\*   \*   \*

The ALJ's evaluation of the medical opinions of Dr. Hervey and Dr. Weller are supported by substantial evidence. The ALJ applied the proper legal standards and independently formulated the RFC by evaluating all the medical opinion evidence and other evidence in the record.

### 2. Subjective Complaints

Ms. Geiger argues that ALJ erred in evaluating her subjective statements and testimony. (Doc. 19, pp. 49–54; Doc. 23, p. 5). The Commissioner responds that the ALJ discussed the record evidence and properly explained his reasons for finding Ms. Geiger's allegations not consistent with the evidence. (Doc. 19, pp. 54–58).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt*, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citation omitted). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. *Wilson*, 284 F.3d at 1225. However, a reviewing court will not disturb a articulated finding on a claimant's subjective complaints supported by substantial evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam) (citation omitted).

The ALJ stated that Ms. Geiger's inconsistent work history raised concerns about her willingness to work.[7] (Tr. 21). The ALJ also considered Ms. Geiger's daily activities and held that they undermined her allegations of disabling cognitive impairments.[8] (Tr. 24). As the ALJ noted, Ms. Geiger drove, grocery shopped, cooked, attended appointments, and performed small jobs like pulling weeds, babysitting, performing method workouts, and teaching swimming classes. (Tr. 318, 831–32, 839–849, 910, 914). The ALJ also noted Ms. Geiger could complete her disability paperwork without assistance.[9] (Tr. 24, 322, 359).

The ALJ also found that statements by Ms. Geiger's former husband, Jason K. Kulinski, conflict with the record evidence. (Tr. 24). Indeed, after the marriage ended, Mr. Newirth noted that Ms. Geiger stated her alleged false memories and inability to recall events were ideas put forth by her husband and were inaccurate.[10] (Tr. 972).

---

[7] The court may consider evidence of claimant's prior work record. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862 (11th Cir. 2016) (holding the evidence supported the ALJ's conclusion that claimant had a poor work history reflective of possible secondary-motivational issues).

[8] Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), that does not mean it is improper for the ALJ to consider a claimant's daily activities at all. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (specifically listing the claimant's daily activities as one of the factors to consider in evaluating the claimant's symptoms).

[9] Ms. Geiger contends her former husband assisted in completing her paperwork, but that is not indicated on the function reports. (Tr. 322, 359). When asked the name of the person who completed the form, Ms. Geiger gave only her name. (*Id.*).

[10] The court notes that Dr. Hervey and Dr. Weller relied on Ms. Geiger and Mr. Kulinski's allegations in forming their opinions.

14

The ALJ considered the relevant evidence in evaluating Ms. Geiger's subjective complaints. Substantial evidence supports the ALJ's determination that Ms. Geiger's subjective complaints are not consistent with the record.

## IV.   CONCLUSION

The Commissioner's decision is supported by substantial evidence. Therefore, the undersigned recommends the Commissioner's decision be **AFFIRMED** and the Clerk be directed to close the file.

**RECOMMENDED** in Tampa, Florida on October 16, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.